UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/202o
```

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA     :

     - v. -     :     **PROTECTIVE ORDER**

KAREN LIZARRAGA,     :
    a/k/a "Karen Denise Rivero,"     19 Cr. 905 (JSR)

         Defendant.     :

    :

- - - - - - - - - - - - - - - - - X

WHEREAS, the United States of America seeks to provide
in redacted and unredacted form certain evidence pursuant to
Rule 16 of the Federal Rules of Criminal Procedure; and

WHEREAS, some material that the Government seeks to
provide (i) contains sensitive information that affects the
privacy and confidentiality, including personally identifiable
information, of specific individuals; (ii) could jeopardize or
impede, if prematurely disclosed, the Government's ongoing
criminal investigations of additional uncharged individuals;
and (iii) could jeopardize the safety of witnesses or potential
witnesses, if prematurely disclosed;

WHEREAS, the Government is willing, under the
conditions set forth below, to produce such materials;

IT IS HEREBY agreed, by and between the United States
of America, Geoffrey S. Berman, United States Attorney, by
Cecilia E. Vogel, Assistant United States Attorney, of counsel,

and defendant, KAREN LIZARRAGA, a/k/a "Karen Denise Rivero," by and through her counsel, Andrew J. Frisch, Esq., that:

1(a). Any material reflecting (i) sensitive identification information (including, but not limited to, names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, other sensitive financial information, and driver's license information), (ii) the contents of cellphones belonging to other separately charged co-conspirators, which contain material that affects the privacy and confidentiality of individuals (e.g., communications and photographs personal in nature), or (iii) material that the Government designates as "Confidential" (which may include but is not limited to material the disclosure of which the Government in good faith believes could jeopardize any ongoing criminal investigation, the safety of witnesses, or otherwise prejudice the due administration of justice or otherwise interfere with a fair trial) is deemed "Confidential Information" and shall be so identified by the Government.

1(b). The defendant may object to the designation pursuant to paragraph 1 (a) of any material the Government designates, or previously has designated, as Confidential Information. In the event of such an objection, the Government

2

and the defendant shall meet and confer in an effort to resolve the issue. To whatever extent they fail to resolve the issue, the defendant may file a motion for an order removing the designation from specified material. The Government thereupon will have the burden of justifying the continuation of that designation. The material shall remain designated as Confidential Information unless and until either (i) the Government and the defendant agree otherwise or (ii) the Court rules to the contrary.

2. Confidential Information disclosed to the defendant or to her counsel during the course of proceedings in this action:

(a) Shall be used by the defendant and her counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

(b) Shall be maintained in a safe and secure manner solely by the defendant and her counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendant or her counsel except as set forth in paragraph 2(c) below;

(c) May be disclosed by the defendant or her counsel only to the following persons (hereinafter "Designated Persons"):

3

i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(d) All material subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for habeas corpus or any other collateral relief), or upon Order of the Court, whichever occurs first.

3. The defendant and her counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information or Sensitive Material pursuant to paragraph 2(c). Prior to disclosure of Confidential Information

4

to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the individual defendant's counsel, who shall retain such copy.

4.   The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or other pre-trial proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be redacted from any public court filings, or should be filed under seal.

5.   With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

Dated:   New York, New York
         January 8, 2020

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

5